UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

MARCHELLO M. HATTEN

**MAGISTRATE JUDGE SCHENKIER**

CRIMINAL COMPLAINT

UNDER SEAL

CASE NUMBER:

**08CR 475**

FILED
JUN 1 3 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __Nov. 14, 2007__ in __Cook__ County, in the __Northern__ District of __Illinois__ defendant did,

knowingly and intentionally possessing with intent to distribute a controlled substance, namely, five grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance and 5 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance,

in violation of Title __21__ United States Code, Section __841(a)(1) and(C)__.

I further state that I am a __Special Agent with the Federal Bureau of Investigations__ and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet and made a part hereof: __X__ Yes ___ No

_Bret Curtis_
Bret Curtis, Complainant

Sworn to before me and subscribed in my presence,

June 13, 2008                                at   Chicago, Illinois
___Date                                              City and State

U.S. Magistrate Judge Sidney I. Scheinkier
Name & Title of Judicial Officer

_signature_
Signature of Judicial Officer

STATE OF ILLINOIS        )
                         )   SS
COUNTY OF COOK           )

## AFFIDAVIT

## STATEMENT OF FACTS IN SUPPORT OF PROBABLE CAUSE

I, Bret Curtis, having been duly sworn do hereby declare under penalty of perjury that the following facts are true and correct:

### A. PRELIMINARY MATTERS

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Chicago Office, South Resident Agency (SRA), Violent Crimes and Gang Task Force, and have been employed as an FBI Agent for approximately four years. Prior to working for the FBI, I was a detective with the Phoenix Police Department. I was employed by the Phoenix Police Department for approximately seven years;

2. This affidavit does not contain all of the information I know regarding the persons and events described herein, and it contains a summary of relevant facts.

3. The information provided in this statement of facts is based upon my personal knowledge, observation, as well as information provided to me by other law enforcement officials who have participated in the investigation;

4. This affidavit is submitted in support of a criminal complaint charging MARCHELLO M. HATTEN ("Hatten") with knowingly and intentionally possessing with the intent to distribute a controlled substance, namely, five grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance and 5 grams or more of a mixture or a substance containing a detectable amount of heroin, a Schedule I Narcotic

1

Drug Controlled Substance, in violation of Title 21 United States Code, Section 841 (a)(1) and ( C).

**B.      PROBABLE CAUSE IN SUPPORT OF THE CRIMINAL COMPLAINT**

5.      On November 14, 2007, investigators from the Cook County Sheriff's Police Department (CCSPD) were conducting surveillance on 1207 E. 11th Street, Ford Heights, Illinois. According to the investigators, an undercover Cook County Sheriff's officer ("UC") was given a $20 dollar bill. The undercover officer took the $20 dollar bill and approached Hatten. The UC asked Hatten if he had any cheese. According to the UC, cheese is a street term for crack cocaine. Hatten asked the UC "was he the law." The UC responded, " no, can I get two." According to the UC, he was asking for two ten dollar bags of crack cocaine. At that time, Hatten pulled out a plastic bag that contained several small blue and clear zip lock baggies. Hatten then told the UC said that he had twenties. According to the UC, Hatten only had twenty dollar bags of crack cocaine. The UC then gave Hatten the $ 20 dollar bill, and Hatten handed the UC a twenty dollar bag of crack cocaine.

6.      Following the UC's purchase of crack cocaine, CCSPD Investigator J. O'Malley and J. Kruswicki approached Hatten at 1207 E. 11th Street, Ford Heights, Illinois. As O'Malley and Kruswicki approached Hatten, he fled from the scene. After a short foot pursuit of Hatten, O'Malley and Kruswicki apprehended Hatten, and conducted a protective pat down search. According to O'Malley, Hatten possessed a fully loaded Smith & Wesson 9 MM Handgun, Model SW9VE, serial number PDK4706 with 16 live rounds, twenty seven (27) blue and white tinted zip lock baggies, which contained an off white rock like substance believed to be crack cocaine, 20 tin foil wraps containing a brown powdery substance believed to be heroin. The heroin weighed 5.4 grams. The cocaine weighed 9.2 grams. The suspected substances were field tested with a positive reaction

for cocaine and heroin respectively. According to a LEADS data base check, the Smith & Wesson retrieved from Hatten was stolen on 12/27/2006.

7. According to O'Malley, the controlled substances retrieved from Hatten were submitted to the Illinois State Lab for testing. According to the Illinois State Lab, the controlled substances obtained from Hatten tested positive for cocaine and heroin.

## C. **CONCLUSION**

WHEREFORE, Affiant submits that the foregoing evidence establishes that Hatten violated Title 21, United States Code, Section 841(a)(1) and ( c ).

FURTHER AFFIANT SAYETH NOT.

_____
Bret Curtis
FBI Special Agent

SUBSCRIBED AND SWORN TO BEFORE ME
this 13th day of June, 2008

_____
SIDNEY I. SCHEINKIER
United States Magistrate Judge

3